# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CORNELIUS B. IRWIN, | : | |
| :--- | :--- | :--- |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-4858 |
| CSX TRANSPORTATION, INC., | : | |
|     Defendant. | : | |

## MEMORANDUM AND ORDER

**Tucker, J.**                                                                                          March ____, 2010

      Presently before this Court is Defendant's Motion to Transfer Venue (Doc. 8) and Plaintiff's Response in Opposition thereto (Doc. 9). For the reasons set forth below, the Court denies Defendant's Motion.

## BACKGROUND

      On October 22, 2009, Plaintiff, a resident of Climax, New York, commenced this action in the Eastern District of Pennsylvania seeking damages under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51, *et seq.*, against Defendant, his current employer (Doc. 1). Plaintiff alleges that at all material times, Defendant, a Florida corporation with a principle place of business in Jacksonville, Florida, has engaged in interstate commerce as a common carrier by rail operating in Pennsylvania, New York, and other states across the country (Doc. 1). Plaintiff claims he suffered repetitive stress injuries during the course of his employment, specifically, bilateral carpal tunnel syndrome requiring him to undergo left and right carpal tunnel releases in January 2009, as a result of Defendant's failure to provide safe and adequate working conditions at its yard in Selkirk, New York (Doc. 1).

      On November 18, 2009, Defendant filed an Answer (Doc. 4) generally denying the

allegations set forth in Plaintiff's Complaint. On November 24, 2009, an Arbitration Hearing was scheduled for February 24, 2010. On January 29, 2010, Defendant filed a Motion to Transfer Venue (Doc. 8). Plaintiff filed a Response in Opposition thereto (Doc. 9) on February 12, 2010. In an Order (Doc. 10) dated February 17, 2010, the Court postponed the arbitration hearing until March 23, 2010 to allow the Court to rule on the pending motion.

## LEGAL STANDARD

28 U.S.C. § 1404(a) ("Section 1404(a)") provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Though the decision to transfer a given action is within the trial court's discretion, transfers should not be granted liberally. Stewart Org. v. Ricoh, Inc., 487 U.S. 22, 29 (1988); Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). District courts should not transfer venue if it merely shifts the inconvenience from one party to another. Kimball v. Schwartz, 580 F. Supp. 582, 588 (W.D. Pa.1984). Rather, the Third Circuit directs district courts to weigh several public and private interest factors enumerated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Relevant private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) the location where the claim arose; (4) the convenience of the parties and witnesses; and (5) the relative ease of access to source of proof. See id. Relevant public interest factors include: (1) the enforceability of the judgment; (2) the relative congestion of court dockets; (3) the local interest in deciding local controversies; (4) the public policies of the fora; and (5) any relevant choice of law considerations. See id. At all times, the party seeking transfer bears the burden of establishing that "a balancing of proper interests weigh[s] in

favor of the transfer." Shutte, 431 F.2d at 25.

## DISCUSSION

Two federal statutes are relevant to Defendant's Motion to Transfer Venue: Section 1404(a), which governs transferring cases from one venue to another generally; and 45 U.S.C. § 56, which describes which venues are proper in FELA actions. Section 1404(a) gives the district court the authority to transfer any civil action to another venue for the convenience of parties and witnesses and in the interest of justice. The purpose of Section 1404(a) " 'is 'to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). See also Barr v. Nat'l R.R. Passenger Corp. (Amtrak), No. 08-cv-2529, 2009 WL 3297776, at * 1 (E.D. Pa. Oct. 28, 2009) (citing In re Corel Corp., 147 F. Supp. 2d 363, 366 (E.D. Pa. 2001)) ("The primary concern . . . is avoiding a plaintiff's 'temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary . . .'".). "This transfer power is, however, expressly limited by the final clause of Section 1404(a) restricting transfer to those federal districts in which the action 'might have been brought.'" Id. Under FELA's venue provision, a plaintiff may bring his or her an action in one of three places: (1) a district court of the United States where the defendant resides; (2) a district court in the United States in which the cause of action arose; or (3) a district court in the United States in which the defendant shall be doing business at the time of commencing such action. 45 U.S.C. § 56.

As an initial matter, the Court must determine whether venue would be proper in the transferee district. Weber v. Basic Comfort, Inc., 155 F. Supp. 2d 283, 284 (E.D. Pa. 2001). As Plaintiff alleges he sustained injuries while working for Defendant in Selkirk, New York, it is

undisputable that Plaintiff could have brought this action in the Northern District of New York. That said, it is also apparent that Plaintiff's decision to bring his action in the Eastern District of Pennsylvania complies with FELA's venue provision. Defendant regularly conducts business in the Eastern District of Pennsylvania; Defendant has a rail yard in Philadelphia, Pennsylvania and advertises in the area.[1]

Because both the chosen forum and the transferee forum are proper under FELA, the only remaining issue is whether Defendant has met its burden of establishing that the public and private factors weigh strongly in favor of transfer. Askew, No. 05-cv-5915, 2008 WL 4347530, at * 1 (E.D. Pa. Sept. 22, 2008) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. at 508). The Court will now address those factors discussed *infra* to determine if Defendant has met its burden.

### A. Plaintiff's Choice of Forum

Defendant argues that transfer of venue is not more restrictive in FELA matters and that Defendant does not have a higher burden simply because the requested transfer involves a FELA action. Defendant goes on to cite a string of cases decided in the Eastern District of Pennsylvania to support its claim that Plaintiff's choice of forum should be accorded only slight deference because the forum chosen has little or no connection with his underlying allegations. Relying on Windt v. Qwest Commc'ns Int'l, Inc., 529 F.3d 183, 190 (3d Cir. 2008), Defendant also argues that a "foreign plaintiff" must make a "strong showing of convenience" for his or her choice to be given deference. Plaintiff disagrees and relying on Szabo v. CSX Transp., Inc., No. 05-4390, 2006 WL

---

[1] Plaintiff attached as an Exhibit "M" to its Response in Opposition to Defendant's motion the Responses for Request for Admissions directed to Defendant in a previous case, Mays v. CSX Transportation, Inc., Civil Action No. 05-2067, in which Defendant admitted to operating trains in Philadelphia, Pennsylvania on a daily basis; operating a major rail yard in Philadelphia, Pennsylvania; and advertising in Philadelphia, Pennsylvania as coordinated by a national marketing firm.

263625, at * 1 (E.D. Pa. Feb. 1, 2006), argues that in the context of FELA, his choice of forum should be given notable deference, notwithstanding where he resides or the location of the underlying events.

The plaintiff's choice of forum is "the primary consideration when deciding venue and it should not be lightly disturbed." Gonzales v. Elec. Control Sys., Inc., No. 93-3107, 1993 WL 372217, at * 3 (E.D. Pa. Sept. 17, 1993). Generally, courts give great deference to the plaintiff's choice of forum, unless "the plaintiff has not brought suit in his home forum and the cause of action did not occur in the forum." See Shutte, 431 F.2d at 25; Askew, 2008 WL 4347530, at * 1. In some instances, when a plaintiff has brought suit in a forum that is neither his or her home forum nor a forum in which the cause of action occurred, courts give plaintiff's forum selection some, albeit lower, weight. See Szabo, 2006 WL 263625, at * 1 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255–56 (1981)). When the case involves FELA, however, "courts have held that the plaintiff's choice of forum require[s] notable deference, notwithstanding plaintiff's residence or location of the underlying actions in the case." See id. (reasoning that Boyd v. Grand Trunk Western R.R. Co., 338 U.S. 263, 266 (1959) establishes "the rule that the plaintiff's choice of forum in a FELA case is a 'substantial right.'").

Here, even though Plaintiff does not reside in the Eastern District of Pennsylvania and his cause of action did not occur there, because his claim is for liability under FELA, the Court shall accord Plaintiff's forum selection substantial weight. As already discussed, under FELA, Plaintiff had three options for where to file this case. Plaintiff chose to file in the Eastern District of Pennsylvania, where Defendant does business. Defendant must, therefore, "demonstrate 'a clear case of convenience, definitely and unequivocally'" in addition to showing that the remaining

public and private factors elucidated in Jumara favor transfer to succeed on its motion. See Askew, 2008 WL 4347530, at *1.

### B. Convenience to Witnesses

Defendant argues that the convenience of the parties and witnesses weigh in favor of transferring venue. To support this contention, Defendant points to the following facts: Plaintiff lives in Climax, New York; Plaintiff claims to have incurred injuries while working within the course and scope of his employment in Selkirk, New York, which is less than 30 miles form the Northern District of New York and over 200 miles from the Eastern District of Pennsylvania; none of Plaintiff's supervisors having material information regarding Plaintiff's work duties and alleged exposures are located in the Eastern District of Pennsylvania; and all of Plaintiff's known medical providers are located within the Northern District of New York. Defendant also claims that it would be burdensome to transport the employees and witnesses necessary to defend against Plaintiff's claims to Philadelphia for trial. Finally, Defendant notes that the only connection Plaintiff has to Philadelphia is that his counsel are located there. According to Defendant, Plaintiff cannot credibly argue that it would be more convenient for him to litigate this matter in the Eastern District of Pennsylvania as opposed to his home forum and the forum where he works, the Northern District of New York.

Plaintiff disagrees. First, Plaintiff cites several recent cases decided in the Eastern District of Pennsylvania denying what Plaintiff characterizes as "identical transfer motions made by [Defendant] CSX." Plaintiff argues that, as gleaned from the cited cases, Defendant regularly does business and litigates in the Eastern District of Pennsylvania, and thus it has failed to offer sufficient evidence that it would be more convenient if this case were removed to the Northern

District of New York. Plaintiff also argues that Defendant has failed to submit any affidavits from key witnesses stating that they would be unavailable for trial in the Eastern District of Pennsylvania. Plaintiff claims that Defendant has never tried one of these types of cases without calling numerous expert witnesses, none of whom are from the Northern District of New York, but rather, are usually from Jacksonville, Florida or Pittsburg, Pennsylvania. In addition, Plaintiff attached an affidavit from Plaintiff's causation expert, who Plaintiff claims is vital to the proof of his case, which states that the press of his practice makes him unavailable to testify in the Northern District of New York.

On the matter of convenience to witnesses, the burden is on [the party moving to transfer venue] to specify clearly the key witnesses to be called and to show that witnesses are unavailable for trial in the chosen forum. See Askew, 2008 WL 4347530, at * 2; Szabo, 2006 WL 263625, at * 2. Courts in this district have repeatedly indicated that a mere showing that it would be "inconvenient" to travel to the choice forum is not enough. See e.g., Askew, 2008 WL 4347530, at * 2. "[A]s articulated by the Third Circuit in Jumara, the consideration is not simply that the forum is inconvenient for the witnesses, but that the witness would be 'unavailable' for trial." Id. (citing Jumara, 55 F.3d at 879. To be unavailable means that the witness is either unwilling or unable to travel to the chosen forum. See id. When witnesses are employed by the defendant, the court presumes that the defendant will "be able to obtain testimony from their own employees without resorting to compulsory process." Szabo, 2006 WL 263625, at * 2. As such, the employment relationship between witnesses and the defendant lessens the defendant's claim of inconvenience. See id.

For example, in Askew, to support its position that the plaintiff's choice of forum, the

Eastern District of Pennsylvania, was inconvenient, the defendant noted that the majority of likely witnesses including the plaintiff's treating physicians lived in Michigan. Askew, 2008 WL 4347530, at * 2. The defendants also identified one witness who asserted it would be an inconvenience for him to travel to Philadelphia for trial due to financial and time constraints. Id. Even after acknowledging that the defendant presented a persuasive argument, the court concluded that the defendant failed to show that the balance of factors strongly favored transfer. Id. The court reasoned that simply attesting that it would very inconvenient to travel is insufficient to demonstrate that one is unwilling or unable to do so. Id. The court also noted that the need to compel the testimony of the other possible witnesses was likely lessened because they were all employees of the defendant. Id.

Here, Defendant's main argument concerning the convenience factor focuses primarily on Plaintiff and Plaintiff's witnesses. Defendant goes so far as to argue that "Plaintiff cannot credibly argue that it would be more convenient for him to litigate this matter in the Eastern District of Pennsylvania as opposed to his home forum and the forum where he works, the Northern District of New York." Defendant's focus, however, is misplaced. Defendant, not Plaintiff, has the burden of showing that witnesses are unavailable for trial. Plaintiff correctly points out that Defendant has failed to submit any affidavits from key witnesses stating that they would be unavailable for trial in the Eastern District of Pennsylvania. Defendant provided three affidavits from likely witnesses with its Motion to Transfer Venue.[2] Similar to the potential witness in Askew, the affiants in this case indicated that travel to Philadelphia would be inconvenient, but none of them stated that they

---

[2] Exhibit E is the affidavit of Patrick Varcasia, Exhibit F is the affidavit of Jeff. R. Hensley, and Exhibit G is the affidavit of R. Mike Conners.

would be unable or unwilling to travel.[3]  In sum, the Court finds that Defendant has failed to definitively and unequivocally demonstrate the clear case of convenience required to transfer this case to the Northern District of New York.[4]

### C.  Public Interest Factors

Defendant claims the public factors weigh strongly in favor of transfer.  Defendant concedes that the enforceability of the judgment and conflict of laws factors are non-issues in this case.  Defendant argues, however, that the relative congestion of the docket in the Eastern District of Pennsylvania favors transfer.  Defendant concludes the Eastern District of Pennsylvania has created a civil suspense docket for repetitive stress cases because so many have been filed in this forum.  Defendant also claims that the citizens of the Eastern District have no interest in the case because none of the alleged exposures took place here and Plaintiff does not reside here.  By contrast, Defendant argues,  the citizens of the Northern District of New York have a stronger interest in the case because many of the incidents of Plaintiff's alleged work-related exposures occurred there.

Plaintiff counters that the Eastern District of Pennsylvania has a significant public interest in the case because Defendant operates a major rail yard, advertises its services, and employs crews in and around Philadelphia.  Plaintiff also points out that Defendant has litigated in the Eastern District of Pennsylvania, and Philadelphia in particular, both as a plaintiff and a defendant on literally hundreds of occasions.

---

[3]  Defendant also claims it would be burdensome to pay their wages and expenses and find replacements for them during the trial.  The Court, however, finds this argument unpersuasive as Defendant would incur these costs regardless of where the trial takes place.

[4]  Defendant does not present argument concerning the remaining private factors.

In Jumara, the Third Circuit enumerated several public interest factors important in the court's decision on whether to grant a motion to transfer venue including the enforceability of the judgment, relative congestion of court dockets, local interest in deciding local controversies, public policies of the fora, and any relevant choice of law considerations. See Jumara, 55 F.3d at 879. The enforceability of the judgment and the choice of law factors are largely irrelevant in this matter because a federal statute is at issue and because the judgment would be enforceable in either district. With respect to the local interest, even when plaintiff does not reside in and the cause of action did not arise in the chosen forum, the citizens of that forum may still have an interest in adjudicating the rights of the parties there if the defendant conducts significant business in the chosen forum. See Abbott v. CSX Transp. Corp., No. 07-2767, 2008 WL 452248, at * 3 (E.D. Pa. 2008). In such cases, the district court has found a meaningful connection between the plaintiff and the chosen forum to exist. See id. For example, in Askew, the court determined that it was not clear that the state of Michigan, where the underlying cause of action arose, necessarily had a more compelling public interest in the case when the defendant operated trains and employed crews in and around the Eastern District of Pennsylvania. Askew, 2008 WL 4347530, at * 3.

An inquiry into the relative congestion of the dockets is in essence a call for the court to compare the judicial efficiency of the chosen forum with the transferee forum. To assess this factor, the court looks at not only the relative number of cases filed in each district, but also the relative number of judges available to hear those cases. See Abbott, 2008 WL 452248, at * 3. Also relevant to the courts determination of efficiency is the "speed with which cases are processed in these respective districts." Id. Though not determinative, if the court believes that a transfer of venue will further delay the resolution of the case, "such delay further justifies the denial of [a

motion to transfer venue]." Askew, 2008 WL 4347530, at * 3.

Here, the Court finds that Defendant has not met its burden in showing that the public interest factors strongly favor transferring venue to the Northern District of New York. Defendant's contention that the citizens of the Eastern District of Pennsylvania have no interest in the matter goes too far. Defendant operates trains in and employs citizens in the Eastern District of Pennsylvania, thus, local citizens in the district clearly have some interest in the matter in controversy. While it may be true that the Eastern District of Pennsylvania has more repetitive stress injury cases on its docket than the Northern District of New York, the Eastern District of Pennsylvania also has more than twice the number of judges than the transferee forum. Thus, merely looking at the relative number of cases without more information concerning the speed at which those cases are resolved or the number of judges available to resolve those cases does little to make a strong showing that transfer would be in favor of the public interest. Finally, the Court notes that this case is already scheduled for arbitration hearing at the end of this month. Transferring the matter now will only further delay the resolution of this case.

## **CONCLUSION**

The Court finds that Defendant has failed to sustain its burden that the balance of public and private interest factors weigh strongly in favor of transfer to the Northern District of New York. For the aforementioned reasons, Defendant's Motion to Transfer Venue is denied. An appropriate Order follows.